UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

Case No. 20-cv-10415

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT [#5]

### I. INTRODUCTION

On December 4, 2019, Plaintiff Devon Terrell Abney, proceeding *pro se*, filed this action in the 36th District Court against Defendant Dolgencorp, LLC ("Defendant").[1] ECF No. 1-1. Plaintiff alleges a violation of 42 U.S.C. § 1218(7) and damages of less than $25,000.00. *See id.* On February 18, 2020, Defendant removed this action to this Court. ECF No. 1.

Presently before the Court is Plaintiff's Motion to Amend Complaint, which was filed on July 21, 2020. ECF No. 5. Defendant filed a Response on August 20, 2020. ECF No. 7. Plaintiff filed a Reply on October 8, 2020. ECF No. 9. Upon

---

[1] In his Complaint, Plaintiff identified Defendant as "Dollar General Stores of Michigan." ECF No. 1, PageID.1–2.

review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Plaintiff's Motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Amend Complaint [#5].

## II. FACTUAL BACKGROUND

This action stems from an incident at a Dollar General Store in Detroit, Michigan. ECF No. 1-1, PageID.8. Plaintiff alleges that a female employee at the store made a "disrespectful statement" to him while he was attempting to purchase hygiene products and a candy item. *Id.* at PageID.9. The employee eventually called the Detroit Police and demanded Plaintiff to leave the store. *Id.* at PageID.10. Plaintiff further avers that two other employees, including a "male store manager," asserted additional "disrespectful" statements towards him. *Id.* at PageID.11. In his Complaint, Plaintiff alleges that he announced to the employees, "I, Mr. Abney is excusing MCLA 780.972 Stand Your Ground Law." *Id.*

Plaintiff claims that he suffered a "physical body harm" by Defendant's "three male store employees" as a result of this incident. *Id.* at PageID.12. He also alleges that he called the Detroit Police himself, but after a twenty-five-minute grace period, no officers appeared at the store. *Id.* at PageID.13. According to Plaintiff, he then attempted to purchase items in a different Dollar General Store in Detroit, but he was "denied public accommodation." *Id.* at PageID.14.

On February 18, 2020, Defendant removed this matter pursuant to 28 U.S.C. § 1331. ECF No. 1. Defendant also filed its Answer to Plaintiff's Complaint on that same day. ECF No. 3.

Plaintiff now moves to amend his Complaint. ECF No. 5. Specifically, Plaintiff asserts that he seeks to amend "Page #2, Paragraph #3" of his Complaint. *Id.* at 2.[2] He argues that he is "entitled to Fourteenth Amendment Due Process law." *Id.* at 3. Plaintiff attaches a vague and ambiguous Amended Complaint to his Motion, which includes new claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1985. ECF No. 5-1, page 2.[3] The Amended Complaint does not include a claim under 42 U.S.C. § 1218(7), which was the original basis of jurisdiction in this Court. Plaintiff also indicates in his Motion that his alleged damages are now $80,000.00. *Id.* at 1.

On August 20, 2020, Defendant filed a Response, arguing that Plaintiff's Motion is "defective and futile and should be denied." ECF No. 7, PageID.61. In its Response, Defendant asserts that Plaintiff violated Local Rules 7.1 and 15.1 in bringing his present Motion. Moreover, Defendant argues that Plaintiff has not

---

[2] Plaintiff's filing does not indicate the electronic page numbers for the present Motion. The Court will instead cite to the numbers written by Plaintiff at the bottom of each page in his Motion.

[3] As indicated *supra*, Plaintiff's filing excludes electronic numbers. The Court will refer to Plaintiff's attached Amended Complaint as "ECF No. 5-1," followed by the handwritten numbers at the bottom of each page.

alleged the elements of a cause of action, but rather cites to statues and constitutional amendments. *Id.* Plaintiff filed an untimely Reply brief on October 8, 2020. ECF No. 9.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). Defendant here does not concur in Plaintiff's Motion; it is thus within this Court's discretion whether to grant Plaintiff's Motion for Leave to File an Amended Complaint. *See United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016) ("[D]istrict courts have discretion to permit or deny amendment after a defendant files an answer to a plaintiff's complaint"); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (explaining that the decision as to whether justice requires the amendment is committed to the district court's sound discretion). Pursuant to Rule 15, "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Despite this liberal amendment policy, denial may be appropriate when there

is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *See Peffer v. Thompson*, 754 F. App'x 316, 320 (6th Cir. 2018); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Here, Defendant argues that Plaintiff's Motion is fatally flawed because it fails to provide fair notice of the claims and is futile. The Court's analysis will therefore focus on these two elements.

## IV. ANALYSIS

As an initial matter, the Court will briefly address Defendant's assertion that Plaintiff violated Local Rule 7.1(a) by filing this Motion. ECF No. 7, PageID.69. In this District, movants must seek concurrence in the relief requested before filing a motion for relief. E.D. Mich. LR 7.1(a). If concurrence is obtained, the parties then may present a stipulated order to the Court. If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys ... in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief

sought [ ] or ... despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

The Court agrees with Defendant that Plaintiff omits a statement about seeking concurrence in his present Motion. In his Reply, Plaintiff concedes this omission and asserts that this was an oversight. ECF No. 9, PageID.127. While other courts in this District have denied motions in violation of this local rule, the Court declines to do so here. The Court takes seriously parties' compliance with Local Rules; however, the Court is mindful that Plaintiff is proceeding in this matter *pro se*. Accordingly, the Court will hold Plaintiff's present filing to "less stringent standards," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and instead proceed to the merits of Defendant's arguments.[4]

### A. Notice

Defendant asserts that Plaintiff's proposed Amended Complaint does not set forth a claim for relief or put it on notice of what it must defend. ECF No. 7, PageID.64. Defendant emphasizes that the proposed Amended Complaint is not a complete pleading, but rather is "at best vague, ambiguous and inadequate." *Id.* It argues that Plaintiff's filing violates Federal Rule of Civil Procedure 8, as well as

---

[4] The Court emphasizes, however, that Plaintiff must adhere to this District's Local Rules and filing procedures moving forward. Plaintiff is now on notice of such Rules for his future filings in this matter.

Local Rule 15.1. *Id.* at PageID.63. For the reasons that follow, the Court agrees with Defendant.

The Court denotes that Plaintiff did not file a complete Amended Complaint with his Motion. Rather, Plaintiff includes an attachment titled "Plaintiff Amend Complaint at Page #2 Paragraph #3 And Demand for Jury Trial." ECF No. 5-1, page 1. The proposed Amended Complaint lists "Jurisdiction and Venue" on the second page, including citations to the Fourteenth Amendment and the "laws of the United States pursuant to 42 U.S.C. 1981, 1985." *Id.* at page 2. The proposed Amended Complaint lists the parties, including the incorrectly named Defendant Dollar General Stores of Michigan, and a jury demand on the third page. *Id.* at page 3. Plaintiff does not include anything further in this pleading, including alleged facts or the specific claims.

The Court takes notice of Plaintiff's untimely Reply brief, which was filed over a month after Defendant's Response. ECF No. 9. In his Reply, Plaintiff asserts that he filed a complete Amended Complaint with his Motion. ECF No. 9, PageID.121. Moreover, Plaintiff argues that his proposed Amended Complaint is "genuine, arguable and adequate." *Id.* at PageID.123. He also argues that he is *pro se* and therefore the Court should apply the rule of liberality. *Id.* at PageID.121. Importantly, Plaintiff does not attach a more complete amendment to his Reply.

The Court finds that Plaintiff's proposed Amended Complaint fails to comply with the most basic rules of pleadings. As an initial matter, the Court agrees with Defendant that Plaintiff's Motion is in violation of Local Rule 15.1, which requires a party to reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference, except by leave of the court. E.D. Mich. L.R. 15.1. However, failure to comply with Local Rule 15.1 is not grounds for denial of the motion. *Id.* While Defendant's objection in its Response is proper, ECF No. 7, PageID.63, the Court will not deny Plaintiff's Motion on this basis. *See Knox v. Napolean, et al.*, No. 13-cv-12364, 2014 WL 7403878, at *1 (E.D. Mich. Dec. 30, 2014).

Nevertheless, the Court concludes that Plaintiff fails to comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*). In order for Plaintiff to give Defendant "fair notice" of what the claims

are and the grounds upon which they rest, *Twombly*, 550 U.S. at 555, Plaintiff's Amended Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In his proposed Amended Complaint, Plaintiff merely lists two statutes and the Fourteenth Amendment as grounds to bring his present action. *See* ECF No. 5-1, page 2. He does not set forth any factual matter in his proposed Amended Complaint, not does he cite to any facts in his Motion. In his Reply, Plaintiff lists the elements of a claim brought pursuant to 42 U.S.C. §§ 1981, 1985. ECF No. 9, PageID.124–25. He also argues that he "claims sufficient factual content from which a court … could draw the reasonable inference that Defendants [*sic*] discriminate against Plaintiff with respect to discriminatory conduct against Plaintiff." *Id.* at PageID.124. However, Plaintiff does not provide any specificity as to these two claims nor to his claim under the Fourteenth Amendment.

"A complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lillard v. Shelby County Board of Education,* 76 F.3d 716, 726 (6th Cir. 1996). To reiterate, *pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court need not engage in a guessing

game in order to determine the nature of the claims which a plaintiff is asserting. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). The Court agrees with Defendant that it cannot be on notice of what it must defend as a result of Plaintiff's deficient and vague proposed pleading. Accordingly, the Court will deny leave on the basis of the lack of notice to the opposing party. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (citation omitted).

**B. Futility**

Even if the Court determined that Plaintiff's proposed Amended Complaint provided proper notice to Defendant, the Court finds that the amendment is also futile. The futility standard requires this Court to consider whether Plaintiff's proposed amendments "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Defendant first argues that neither 42 U.S.C. § 1981 nor 42 U.S.C. § 1985 provide a basis for a claim arising out of the allegations in either Plaintiff's original or proposed Amended Complaint. ECF No. 7, PageID.64. The Court will address each section in turn.

First, "[a] cause of action under § 1981 may be brought when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party." *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (citations omitted). In order to establish a claim under § 1981,

a plaintiff must plead and prove that "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006) (citation omitted). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009) (applying the plausibility standard articulated in *Twombly*). This standard applies to causation in discrimination claims. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612 (6th Cir. 2008).

Plaintiff must "allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that Defendant[] discriminated against Plaintiff with respect to his race." *Han*, 541 F. App'x at 626. However, Plaintiff's proposed Amended Complaint is devoid of facts that would allow the Court to draw a reasonable inference that Defendant discriminated against him with respect to his race. Indeed, Plaintiff does not include any allegations as to his race or to his purported discrimination. He instead exclusively cites to the statute in his statement of "Jurisdiction and Venue." ECF No. 5-1, page 2.

The Court takes notice of Plaintiff's assertions in his Reply. For example, Plaintiff argues that he belongs to an "identifiable class based on humanity." ECF No. 9, PageID.124. Moreover, Plaintiff argues that "Defendants intended to discriminate against [him] on the basis of Defendant's conduct abridged a right enumerated in section 1981." *Id.* Plaintiff also cites to the Sixth Circuit's decision in *Amini v. Oberlin* to support these assertions. Not withstanding the fact that these allegations are not incorporated in his proposed Amended Complaint, the Court reiterates that Plaintiff has failed to allege sufficient, let alone any, factual content for which the Court can discern a reasonable inference that Defendant discriminated against him. Accordingly, this section of Plaintiff's proposed amendment is futile.

Second, with respect to § 1985, the Court denotes that Plaintiff has not articulated under which provision he is seeking relief. *See* ECF No. 5-1, page 2. In his Reply, Plaintiff only clarifies that his claim under § 1985 is "for conspiracy/class discrimination." ECF No. 9, PageID.125. The Court finds that Plaintiff's proposed amendment fails to state a claim under any of the statute's provisions. The Sixth Circuit has explained,

> [s]ection 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, and the first clause of § 1985(2), which prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings, are not applicable to this case. Under both the second clause of § 1985(2), which prohibits conspiracies to interfere with due process in state courts with the intent to deprive persons of their equal protection rights, and § 1985(3), which prohibits conspiracies to deprive persons of their equal protection

rights, a plaintiff must allege that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."

*Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006) (citations omitted).

Plaintiff's amendment does not state a claim under § 1985 because there are no allegations, conclusory or otherwise, of either a conspiracy or any class-based motivation with regard to Defendant's alleged actions. *See Farhart v. Jopke*, 370 F.3d 580, 599 (6th Cir. 2004) ("Claims of [civil] conspiracy must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim."). Plaintiff's proposed Amended Complaint only lists the statute for which he is seeking relief. He provides no factual allegations as to a civil conspiracy in either his proposed Amended Complaint or original Complaint. Accordingly, this section of Plaintiff's proposed amendment is also futile.

Defendant also argues that Plaintiff has not properly raised the Fourteenth Amendment as the basis of a claim. ECF No. 7, PageID.67. Defendant acknowledges, however, that Plaintiff references the Fourteenth Amendment in his original Complaint. Upon review of Plaintiff's original Complaint, the Court construes ¶ 36, specifically the allegation of "depriv[ation] of freedom life liability," as a vague and incomplete reference to the Due Process Clause of the Fourteenth

Amendment. ECF No. 1-1, PageID.14. In his proposed Amended Complaint, Plaintiff asserts that "[t]his is a civil action for money damages … Plaintiff clearly established rights under the Fourteenth Amendment of the Constitution." ECF No. 5-1, page 2. In his Reply, Plaintiff argues that under a "genuine interpretation" of his proposed Amended Complaint, he "properly raised the 14th Amendment as the basis of claim in original Complaint." ECF No. 9, PageID.125.

Defendant correctly states that the Due Process Clause of the Fourteenth Amendment applies only to action by the state, rather than private conduct. ECF No. 7, PageID.67 (citations omitted). Indeed, the Fourteenth Amendment requires due process only if "state action" is "depriv(ing) any person of life, liberty or property." *Craft v. Memphis Light, Gas and Water Div.*, 534 F.2d 684, 687 (6th Cir. 1976). The Court agrees with Defendant that Plaintiff makes no reference to state actors in either his original Complaint or in his proposed Amended Complaint. Indeed, Plaintiff fails to allege any factual content for which the Court can determine the nature of his proposed claim under the Fourteenth Amendment. Accordingly, this section of Plaintiff's proposed amendment is also futile.

The Court concludes that it is appropriate to deny Plaintiff's Motion in light of the lack of notice to the opposing party, as well as the futility of the proposed amendment. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (citation omitted). The Court will thus deny Plaintiff's Motion in its entirety.

## V. CONCLUSION

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint [#5] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 14, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 14, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager