UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

    Plaintiff,

v.

DOLGENCORP, L.L.C., *et al.*,

    Defendants.

_____/

Case No. 2:20-cv-10415
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

# OPINION AND ORDER GRANTING IN PART and DENYING IN PART PLAINTIFF'S FEBRUARY 4, 2021 MOTION (ECF NO. 14) TO AMEND COMPLAINT

**I.    OPINION**

    **A.    The operative pleading**

On December 4, 2019, Devon Terrell Abney filed a lawsuit against Dollar General in state court. *See* Case No. 19180557 GC (36th District Court). In what appears to be an amended complaint, Plaintiff describes the alleged events of December 4, 2016 at the Dollar General located at 1559 East Lafayette Street, Detroit, MI 48207. (ECF No. 1-1, ¶¶ 8-37.) Plaintiff claims, *inter alia,* that he was denied his "right to public accommodation" at this store, in support of which he seems to rely on 42 U.S.C. § 12182 ("Prohibition of discrimination by public accommodations"). (ECF No. 1-1, ¶¶ 19, 35, 36.)

On February 18, 2020, Dolgencorp, LLC – allegedly misidentified as "Dollar General Stores of Michigan" – removed the case to this Court based on Plaintiff's federal statutory claim. (ECF No. 1, ¶¶ 4-5.) Simultaneously, Dolgencorp filed an answer to Plaintiff's "amended complaint" with affirmative defenses. (ECF No. 3.)

**B.     Plaintiff attempts to amend**

On December 14, 2020, Judge Drain denied Plaintiff's initial attempt to amend his complaint in this Court. (ECF Nos. 5, 10.) Specifically, citing Fed. R. Civ. P. 8(a)(2), the Court found that Defendant could not be "on notice of what it must defend as a result of Plaintiff's deficient and vague proposed pleading." (ECF No. 10, PageID.139-143.) The Court also found that the proposed amendment was futile. (ECF No. 10, PageID.143-147.)

Currently before the Court is Plaintiff's February 4, 2021 motion to amend his complaint. (ECF No. 14.)[1] Although there are various proofs/certificates of service (ECF No. 14, PageID.162, 163, 167-168, 183, 194), and a post-marked

---

[1] Plaintiff's motion to amend, the related brief, and the proposed amended complaint are filed as a single document. (ECF No. 14, PageID.161-194.) The proposed amended complaint should have been filed as an attachment or exhibit to the motion, brief, and certificates/proofs of service. In this Court, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. In the future, when Plaintiff submits a motion and exhibit for filing, he should make this clear to the Clerk of the Court, who is tasked with docketing matters from parties appearing *in pro per*.

envelope to this Court (*id.*, PageID.195), the Court assumes that Defendant was served with this filing when the Clerk of the Court placed it on the docket on February 18, 2021. Thus, Defendant's March 2, 2021 response (ECF No. 16) is timely. E.D. Mich. LR 7.1(e)(1)(A) ("Responses to all motions, except those listed in subparagraph 2(A) below, must be filed within 14 days after service of the motion.").

### C. Discussion

Plaintiff's motion to amend his complaint is based upon Fed. R. Civ. P. 15(a) ("Amendments Before Trial."). (ECF No. 14, PageID.161, 165.) Given the procedural history of this case, the Court presumes that Plaintiff is relying upon the subsection of the Rule that states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, as Defendant points out, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 382–83 (6th Cir. 1993)). (ECF No. 16, PageID.206.)

### 1. Jurisdiction

In the operative pleading, which appears to have been filed in state court, Plaintiff asserts jurisdiction based on "[t]he laws of the State of Michigan." (ECF No. 1-1, ¶¶ 1-5.) Plaintiff's proposed amended pleading asserts jurisdiction based on federal question, 28 U.S.C. § 1331. (ECF No. 14, PageID.170-171 ¶¶ 1-4; *id.*, PageID.181, 188, 192 [Civil Cover Sheet].) Therefore, it provides "a short and plain statement of the grounds for the court's jurisdiction…." Fed. R. Civ. P. 8(a)(1).

2. **Parties**

In the operative pleading, Plaintiff identifies himself and names "Dollar General Stores of Michigan" as a Defendant. (ECF No. 1-1, ¶¶ 6-7.) Similarly, in some places, Plaintiff's proposed amended pleading names only one Defendant – Dolgencorp, LLC. (ECF No. 14, PageID.169, 171 ¶¶ 5-6.) Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

However, it is clear that Plaintiff intends to *add* five unidentified Defendants, *i.e.*, Jane Doe Cashier, Jane Doe Virtual Video Security Guard, two John Doe Floor Personnel, and John Doe Manager. (ECF No. 14, PageID.185-187, 189-190; *see also id.*, PageID.172-181 ¶¶ 7-45.) Perhaps because the "female cashier," the "male store manager," and "two male . . . employees" and the "video vir[tu]al security officer" were each mentioned in the operative pleading (ECF No.

4

1-1, ¶¶ 8-37), Defendant does not seem to oppose Plaintiff's attempt to add these five unidentified Defendants through the proposed amended pleading; instead, Defendant contends that Plaintiff's motion is "fatally flawed," and attacks the proposed amended complaint based upon its claims. (*See* ECF No. 16, PageID.204-213.)

### 3. Claims

In the operative pleading, Plaintiff sets forth "common allegations of fact" in numbered paragraphs. (ECF No. 1-1, ¶¶ 8-37.) Although Plaintiff's proposed amended pleading contains an un-numbered "Statement of Claim," (ECF No. 14, PageID.189), it also sets forth factual allegations in numbered paragraphs (ECF No. 14, PageID.172-181 ¶¶ 7-45). Thus, Plaintiff has at least somewhat complied with Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Still, even if the *form* of Plaintiff's claims is proper, the Court must consider the claims' *content*. "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Plaintiff's operative pleading is allegedly based on "the laws of the State of Michigan[,]" (ECF No. 1-1, ¶¶ 1-5) – but also mentions "federal" rights, the "right to public accommodation," 42 U.S.C. § 12182, "constitution[al] right[s]" and deprivation "of freedom[,] life[,] [and]
5

[liberty][,]" (ECF No. 1-1, ¶¶ 15, 19, 35-36) – Plaintiff's proposed amended pleading cites 42 U.S.C. § 12182, as well as:

- 18 U.S.C. § 373(a) ("Solicitation to commit a crime of violence")

- 18 U.S.C. § 1038 ("False information and hoaxes")

- 42 U.S.C. §§ 1981 ("Equal rights under the law"), 1985 ("Conspiracy to interfere with civil rights")

- The Fourteenth Amendment

(ECF No. 14, PageID.170-181, 188-192.)[2] The Court addresses these proposed claims as follows:

**(a)** Notwithstanding Defendant's related argument as to 42 U.S.C. § 12182 (ECF No. 16, PageID.205-207), Plaintiff's motion is granted to the extent he seeks to elaborate upon the public accommodation claim he also made within the operative pleading. (*Compare* ECF No. 1-1, ¶¶ 19, 35-36; *with*, ECF No. 14,

---

[2] Plaintiff also cites a portion of Michigan's Self-Defense Act (Mich. Comp. Laws Ann. § Ch. 780), specifically the Act's section concerning the "[r]ight to use of force in defense of self or another individual[.]" Mich. Comp. Laws § 780.972. (*See* ECF No. 14, PageID.176 ¶¶ 24, 26.) This statute seems to be a defense that one can raise in response to *criminal* charges, not a law which permits an offensive civil action against a nongovernmental actor. And, Plaintiff cites it to explain his preparation for a physical encounter with the three proposed John Doe Defendants. (ECF No. 14, PageID.176 ¶¶ 25, 26.) Therefore, the Court does not treat it as an intended proposed cause of action.

6

¶¶ 1, 20, 35-36.) Any challenge to Plaintiff's already-existing public accommodation claim is more properly the subject of dispositive motion practice.

**(b)** As for 42 U.S.C. §§ 1981 and 1985, each of these statutes has at least one race or class-based element. "In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). Similarly, "in order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

By way of background, the Court denied Plaintiff's initial attempt to amend with such claims, because – *inter alia* – his first proposed amended complaint "[wa]s devoid of facts that would allow the Court to draw a reasonable inference

7

that Defendant discriminated against him with respect to his race[,]" and "there [we]re no allegations, conclusory or otherwise, of either a conspiracy or any class-based motivation with regard to Defendant's alleged actions." (ECF No. 10, PageID.144, 146; ECF No. 5, PageID.54.) Plaintiff again seems to attempt 42 U.S.C. §§ 1981 and 1985 claims in his second proposed amended complaint (ECF No. 14, PageID.179 ¶ 36, 181 ¶ 40, 188-192), and Defendant opposes the addition of such claims, in part referring to Judge Drain's opinion (*see* ECF No. 16, PageID.207-209).

To the extent Plaintiff's current proposed amended complaint attempts to add claims that he was not afforded "[e]qual rights under the law" or was the victim of a "[c]onspiracy to interfere with civil rights," (ECF No. 14, PageID.188, 191), he must do more than cite the statutes' descriptions. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Within the substantive portions of the proposed amended complaint, Plaintiff's citations to

8

Sections 1981 and 1985 seem to appear in only two places, although neither provides requisite detail. (*See* ECF No. 14, PageID.179 ¶ 36, 181 ¶ 40.)[3] *See, e.g., Saunders v. Ghee*, 48 F.3d 1219 (6th Cir. 1995) ("Conspiracy claims under § 1985(3) must be pleaded with the same specificity as conspiracy claims under § 1983."); *Taylor v. Fuentes*, No. 1:13-CV-1187, 2013 WL 6159115, at *4 (W.D. Mich. Nov. 25, 2013) ("Plaintiff's failure to allege any specific discrimination or deprivation by Fuentes also renders the complaint wholly inadequate to state a claim under§ 1981(a)."). And, while Plaintiff alleges that Defendant Jane Doe Cashier yelled for Defendant John Doe Store Manager "to *assist* in den[y]ing Plaintiff Abney['s] right to public accommodation[,]" (ECF No. 14, PageID.175 ¶ 20 (emphasis added)) – after which he allegedly told Plaintiff to leave the store, notwithstanding the fact that he had yet to pay for the candy (ECF No. 14, PageID.175 ¶ 22), it does not constitute "[a]n agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and (in most states) action or conduct that furthers the agreement[.]" CONSPIRACY, Black's Law Dictionary (11th ed. 2019).

---

[3] Indeed, with respect to Sections 1981 and 1985, there is some similarity between the first proposed amended complaint and the second proposed amended complaint. (*See* ECF No. 5, PageID.54 ¶¶ 1-2 and ECF No. 14, PageID.181 ¶ 40; *see also* ECF No. 10, PageID.144.)

Accordingly, Plaintiff's motion is denied to the extent it seeks to add claims based on 42 U.S.C. §§ 1981, 1985.

**(c)** Plaintiff's motion is denied to the extent he seeks to bring a claim based on 18 U.S.C. § 1038. Preliminarily, Title 18 of the United States Code governs "crimes and criminal procedure[,]" and, "as a private citizen, Plaintiff may not enforce the federal criminal code." *Benton v. Kentucky-Jefferson Cty. Att'y's Off.*, No. 3:14CV-264-S, 2014 WL 3941571, at *2 (W.D. Ky. Aug. 12, 2014). More to the point, Plaintiff is clearly attempting to bring a cause of action under the following subsection:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action *to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses*.

18 U.S.C. § 1038(b) ("Civil action.") (emphasis added). (ECF No. 14, PageID.170, 179, 188-189; *see also id.*, PageID.191-192.)

As best the Court can tell, Plaintiff cites this statute based on his allegations that Defendants – perhaps proposed Defendants Jane Doe Cashier and Jane Doe Virtual Video Security Guard – filed a false police report. (ECF No. 14, ¶¶ 18, 19,

10

31, 34; ECF No. 14, PageID.188-189.) However, Section 1038(b) "does not represent an independent civil cause of action for which a private citizen may file a complaint." *Johnson v. Working Am., Inc.*, No. 1:12 CV 1505, 2012 WL 3074775, at *3 (N.D. Ohio July 30, 2012). As *Johnson* puts it:

> The civil remedy is narrowly tailored to provide that only a "party incurring expenses incident to any emergency or investigative response" to the criminal activity proscribed by the statute is entitled to a recover[y]. *See* 18 U.S.C. § 1038(b). This does not set forth a general civil remedy for providing false information. *Id.* The "Civil Action" provided by the statute only exists as additional enforcement against a party who engages in a criminal violation of 18 U.S.C. § 1038(a)(1). It does not represent an independent civil cause of action for which a private citizen may file a complaint. *Id.*

*Johnson*, 2012 WL 3074775, at *3. In fact, the reimbursement portion of this statute provides:

> The court, in imposing a sentence on a defendant who has been convicted of an offense under subsection (a), shall order the defendant to reimburse *any state or local government, or private not-for-profit organization that provides fire or rescue service* incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

18 U.S.C. § 1038(c)(1) (emphasis added). Therefore, while Section 1038(b) could be used in a civil action brought by emergency or investigatory agencies to recover expenses they incur incident to intentionally false or misleading reports, the Section is not for use by private citizens.

**(d)** Plaintiff's motion is denied to the extent he seeks to bring a claim based on 18 U.S.C. § 373 ("Solicitation to commit a crime of violence"). (ECF

11

No. 14, PageID.170, 179, 190-192.) The Court suspects that Plaintiff cited this statute based on his allegations that he was being asked to leave the store – perhaps by proposed Defendants John Doe Store Manager and both of the Floor Personnel John Does – before he paid for the candy bar he had opened and consumed. (*Id*., ¶¶ 20, 22, 27, 28, 30; *id*., PageID.190.) However, Section 373 of Title 18 is a criminal statute, and it does not appear to have a civil component. *See, e.g., Howard v. United States*, No. 15-11901, 2015 WL 4243246, at *2 (E.D. Mich. July 13, 2015) ("Plaintiff has no authority to bring a criminal action . . ." under 18 U.S.C. § 242 ("Deprivation of rights under color of law") and 18 U.S.C. § 246 ("Deprivation of relief benefits").). (*See also* ECF No. 16, PageID.211-212.)

    **(e)** As to the Fourteenth Amendment, Plaintiff's original complaint alleged that he was deprived of "freedom[,] life[,] [and] [liberty]." (ECF No. 1-1, ¶ 36.) Judge Drain interpreted this as "a vague and incomplete reference to the Due Process Clause of the Fourteenth Amendment." (ECF No. 10, PageID.146-147.) In the present motion, Plaintiff seeks to add claims based on "deprivations of civil liberties" – perhaps a reference to 42 U.S.C. § 1983 ("Civil action for deprivation of rights") – and Fourteenth Amendment due process. (ECF No. 14, PageID.165-166.) His proposed amended complaint mentions the Fourteenth Amendment, deprivation of freedom, life and liberty, and the Equal Protection Clause. (ECF No. 14, PageID.170 ¶ 1, 179 ¶ 36, 180 ¶ 38, 188, 191, 192.)

"[T]he Fourteenth Amendment does not create a private right of action; instead, '§ 1983 provides a cause of action for all citizens injured by an abridgement of th[e] protections' set forth in 'the Equal Protection and Due Process Clauses of the Fourteenth Amendment.'" *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) (quoting *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 611 (2008) (Stevens, J., dissenting) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 119-20 (1992))). Moreover, the Fourteenth Amendment does not shield "private conduct, 'however discriminatory or wrongful[.]'" *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 453 (1974). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Jackson*). (ECF No. 16, PageID.212-213.) Because Defendants in this case are private, nongovernmental actors, the Court concludes that any attempt to add a Fourteenth Amendment claim would be futile.

### 4. Demand for relief

The operative pleading does not appear to set forth a prayer for relief. (ECF No. 1-1, PageID.14.) However, Plaintiff's proposed amended pleading mentions physical and mental injury, as well as continued suffering and damages (ECF No. 14, PageID.177, 179-180 ¶¶ 29, 36, 37, 38) and seeks compensatory and/or punitive relief totaling $1,500,000.00 (ECF No. 14, PageID.182, 191). Therefore,

it provides "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

## II. ORDER

The Court has considered the motion and its related papers (ECF Nos. 14, 16), and concludes that: **(1)** Defendants do not appear to oppose the addition of five unidentified Defendants; **(2)** the proposed amended pleading complies with Fed. Rules Civ. P. 8(a)(1) and 8(a)(3); and, **(3)** the proposed amended pleading only partially complies with Fed. R. Civ. P. 8(a)(2). Accordingly, while recognizing that the Court "should freely give leave when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's February 4, 2021 motion to amend (ECF No. 14).

No later than **Tuesday, July 6, 2021**, Plaintiff **SHALL** file an amended complaint that is consistent with today's ruling, specifically:

1. Plaintiff's statement of jurisdiction may remain as is (*see* Section I.C.1);

2. if Plaintiff intends to add five unidentified Defendants, they must be listed in accordance with Fed. R. Civ. P. 10(a) (*see* Section I.C.2);

3. in the format required by Fed. R. Civ. P. 10(b) ("Paragraphs; Separate Statements."), Plaintiff may elaborate upon his public accommodation claim based on 42 U.S.C. § 12182 (*see* Section I.C.3.a), but he may *not* amend to include claims based on 42 U.S.C. §§ 1981, 1985 (*see* Section I.C.3.b), 18 U.S.C. §§ 1038, 373 (*see* Sections I.C.3.c, d), or the Fourteenth Amendment (*see* Section I.C.3.e); and,

14

    **4.**     Plaintiff's demand for relief may remain as is (*see* Section I.C.4).

Of course, this ruling is without prejudice to the parties' rights to pursue fully-briefed motions to dismiss or for summary judgment, in accordance with Fed. R. Civ. P. 12 or 56.

    Finally, Defendant's pending discovery motion (ECF No. 19), which was filed on May 26, 2021 has been referred to the Undersigned (ECF No. 20). The response deadline has since passed (*see* E.D. Mich. LR 7.1(e)(1)(A)), and the motion will be addressed under separate cover.

    **IT IS SO ORDERED.**[4]

Dated: June 21, 2021

                                         Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).