UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

       Plaintiff,

v.

DOLGENCORP, LLC,

       Defendant.
_____/

Case No. 2:20-cv-10415
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER STRIKING AMENDED COMPLAINT AND RESOLVING "MOTION TO AMEND COMPLAINT" (ECF No. 27)

On December 14, 2020, the Court denied Plaintiff's initial motion for leave to amend his complaint. (ECF No. 10.) On February 4, 2021, Plaintiff filed a second motion for leave to amend his complaint (ECF No. 14), which the Court granted in part and denied in part on June 21, 2021. (ECF No. 21.) Consistent with the earlier order, the Court's latter order was very specific about what Plaintiff was and was not permitted to do. The Court established a deadline for the filing of the amended complaint, which Plaintiff missed. After conducting a July 9, 2021 hearing relating to a discovery motion and discussing the matter further with the parties, the Court extended the deadline for filing the amended complaint from June 21, 2021 to July 20, 2021. (ECF No. 26, PageID.329.)

Plaintiff timely filed his amended complaint on July 20, 2021, although the Clerk's Office incorrectly docketed it as another motion to amend the complaint. (ECF No. 27.)  Defendant filed a response to the mislabeled "motion," and Plaintiff filed a reply.  (ECF Nos. 30, 31.)  Importantly, Defendant's response notes several ways in which Plaintiff's amended complaint fails to comply with this Court's prior direction and asks that Plaintiff's filing be stricken.

The Court agrees that the amended complaint fails to comply with its June 21, 2021 order in several ways.  First, the amended complaint adds a new party, Gordon Barham, Sr., who Plaintiff identifies in the amended caption as "G.L. Claim Examiner, Dollar General Risk Management."  (ECF No. 27, PageID.331.) Plaintiff was not given leave to do so. In fact, based upon what he sought to add in his motion for leave, he was only permitted to add five John and Jane Doe defendants, namely, "Jane Doe Cashier, Jane Doe Virtual Video Security Guard, two John Doe Floor Personnel, and John Doe Manager."  (ECF No. 21, PageID.277 (citing ECF No. 14, PageID.185, 187, 189-190; *see also id*., PageID.172-181 ¶¶ 7-45) and PageID.287.)  The Court made quite clear that Plaintiff had to identify the defendants he intended to sue in his amended caption, pursuant to Fed. R. Civ. P. 10(a).  (ECF 21, PageID.287.)  He neither sought in his second motion to amend[1] nor was given permission in the Court's resulting order

---

[1] *See* ECF No. 14, PageID.172-181, 187, 189-190.

to add Barham or any other individual from risk management. Nor is it likely – as Plaintiff asserts in the instant filing – that Barham could plausibly bear any liability to Plaintiff for Barham's allegedly "flawed[,]" or "misleading" investigation after the fact into Defendant's alleged civil rights violations against Plaintiff. (ECF No. 27, PageID.349-350, ¶¶ 51, 54; *see also* ECF No. 30, PageID.382.) In his reply, Plaintiff both admits and denies that Mr. Barham is intended as a new party. On one hand, he refers to the "inclusion of Mr. Barham Sr." as a "clear correct amend[ment to the] complaint . . . [,]" uses the phrase "the *claim against* Mr. Barham Sr. . . . [,]" and argues that the Court gave leave to add "'all' defendants relevant to Plaintiff . . . ." (ECF No. 31, PageID.397-398 (emphasis added).) On the other hand, Plaintiff simultaneously argues that Barham "is not a defendant's [sic]" and "at best is surely a witness . . . ." (*Id*., PageID.397.) Nonetheless, Plaintiff's new pleading clearly inserts Barham as a party and seeks to assert claims against him. For this reason alone, the amended complaint should be stricken.

Additionally, the Court made clear that Plaintiff was not to amend his pleadings to include claims based on 42 U.S.C. §§ 1981, 1985, 18 U.S.C. §§ 1038, 373 or the Fourteenth Amendment. (ECF No. 21, PageID.287.) Although Plaintiff seems to have successfully avoided explicit citation of those statutory sections in his new pleading, Defendant correctly points out that Plaintiff "repeatedly alleges

3

that Defendants Jane Doe Cashier and Jane Doe 'Viral Video Security Guard' made false police reports against him." (ECF No. 30, PageID.385 (citing ECF No. 27, PageID.338-348 ¶¶ 19, 21, 33, 36, 42-43, 48)).)  The Court previously specified that Plaintiff did not have leave to include claims against these defendants for conveying false or misleading information under 18 U.S.C. § 1038(b), which deals with "conduct with intent to convey false or misleading information. . . ." (ECF No. 21, PageID.283-284, 287.)  Yet he persists in doing so, even if he carefully sidesteps the statutory citation.  If Plaintiff had some other common law theory in mind under state law, he has not made that obvious.

Contrary to Defendant's assertion (ECF No. 30, PageID.387), it is *not clear* that Plaintiff is still attempting to plead conspiracies under 42 U.S.C. §§ 1981 & 1985.  Nonetheless, it *is clear* that he continues to allege violations of the Fourteenth Amendment – in abrogation of this Court's instruction – by broadly alleging that Defendants deprived him of "clearly established U.S. Constitutional rights of freedom, life, liberty." (*Compare* ECF No. 21, PageID.285-287, *with* ECF No. 27, PageID.341-349, ¶¶ 25-51.)  He has been told twice, in each case by a different judge, that he may not pursue a claim against a private citizen or entity under the Fourteenth Amendment. (ECF No 10, PageID.147; ECF No. 21, PageID.285-287.)

4

Upon consideration of the motion papers and for the reasons stated herein, the amended complaint (ECF No. 27) is **HEREBY STRICKEN,** and the "motion" inadvertently attached to it is **HEREBY RESOLVED**.  Plaintiff has had multiple opportunities to properly plead his complaint, including an extension of the time for doing so.  The Court will not consider any additional motions for leave to amend the complaint during the pendency of Defendant's October 6, 2021 motion for summary judgment (ECF No. 38), as to which Plaintiff's show cause response is due by November 18, 2021 (ECF No. 45).

**IT IS SO ORDERED.**[2]

Dated: November 4, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).