UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

       Plaintiff,

       v.

DOLGENCORP, LLC,

       Defendant.

_____/

Case No. 20-cv-10415

U.S. District Court Judge
Gershwin A. Drain

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 38) AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S WITNESS LISTS (ECF NO. 39)

### I.   INTRODUCTION

Plaintiff Devon Terrell Abney, who is proceeding *pro se*, initiated this civil rights action against Defendant Dolgencorp, LLC—initially misidentified as "Dollar General Stores of Michigan"—for discrimination in a public accommodation. *See* ECF Nos. 1, 1-1.

Presently before the Court are Defendant's Motion for Summary Judgment (ECF No. 38) and Defendant's Motion to Strike Plaintiff's Witness Lists (ECF No. 39). Both Motions are fully briefed, and a hearing was held on these matters on January 18, 2022. For the following reasons, the Court will **GRANT** Defendant's

1

Motion for Summary Judgment (ECF No. 38) and **DENY AS MOOT** Defendant's

Motion to Strike Plaintiff's Witness Lists (ECF No. 39).

## II.    BACKGROUND

### A. Factual Background

On December 4, 2016, Plaintiff entered Defendant's store located at 1559 East

Lafayette in Detroit.    ECF No. 38-2, PageID.643, PageID.644.    He had never

shopped at that store prior to that day.    *Id.* at PageID.644.

Plaintiff testified that prior to approaching the counter, he did not have any

difficulty shopping or any interaction with the store employees.    *Id.* at PageID.644-

45.  He began unloading his cart at the checkout counter.  The cashier swiped one or

two items before Plaintiff asked her to wait until he placed all the items on the

conveyor belt so he could make sure they were swiped correctly.  *Id.* at PageID.645.

The cashier responded "okay" and stopped swiping the items.  *Id.*

After Plaintiff finished unloading his cart, he retrieved a candy bar from the

display case and asked the cashier to ring it up before starting on the rest of his items.

*Id*.  When she returned the candy bar to him, Plaintiff began eating it, which he

admits he "shouldn't have did [*sic*]."  *Id*.  The cashier "took that very personal" and

said, "You stopped me for this candy bar s[***]?"  *Id*.  Plaintiff replied, "Excuse me,

do your job.  Quit being rude."  *Id.* at PageID.645-46.  While swiping two or three

more items, the cashier retorted, "If you don't like my attitude, you can get the F out

2

my store -- f[***] store, get the f[***] out my store." *Id.* at PageID.646.  Plaintiff

responded, "Hold on. Who are you talking to?  Complete your job.  Serve the

customer so I can get this stuff and go on about my business." *Id*.  At that point, the

cashier reached for the phone and said she was calling the police.  *Id*.  Plaintiff

responded that she had no right to deny him service and demanded that she finish

ringing up his items. *Id.* at PageID.648.  Plaintiff testified he did not hear the cashier

speak to the police.  *Id*.

     While Plaintiff was talking to the cashier, another employee came up behind

him and pulled the empty candy wrapper out of his hand.  *Id.*; *id.* at PageID.469.

The employee pulled Plaintiff's wrist back while "snatching" the candy wrapper

from his hand; however, Plaintiff was never treated for this injury.  *Id.* at

PageID.650.  Plaintiff described the action as threatening and said he became

defensive in response.  *Id*.  He then registered there were two additional employees

behind the first.  *Id*.

     Plaintiff did not have the opportunity to pay for any of his items, including the

candy bar, before his altercation with the cashier started.  *Id.* at PageID.468.

However, when he offered to pay for the candy bar he had eaten, one of the male

employee's said, "Get the f[***] out.  We want you out of our store.  F[***] the

candy bar.  We going to whoop your ass." *Id*.  Plaintiff told the employees not to

"attempt to try to assault" him because was going to defend himself.  *Id.* at

3

PageID.651.    After  Plaintiff  positioned  himself  in  "self-defense  mode,"  the
employees backed off.  *Id*.

Plaintiff exited the store to call 911, returned briefly so he could identify the
employees, and then went back outside to finish his phone call.  *Id*.  In his Complaint,
Plaintiff testified someone announced over the store's public address system that the
police had been called.  ECF No. 1-1, PageID.13.  Plaintiff testified he later learned
during discovery that an off-site security guard had called the police.  ECF No. 38-
2, PageID.652.  He waited outside the store for twenty-five to thirty minutes for the
police to arrive and left when they did not.  *Id*.  He went to Defendant's Jefferson
Avenue location and bought his hygiene products without issue.  *Id*.

During his deposition, Plaintiff admitted he was not disabled on the day of the
incident.

> Q: Now, sir, at this time did you suffer from any disability?
> A: You saying, before, during, after?
> Q: At the time of the incident, did you have a physical disability? Did
> you have any kind of disability?
> A: No, no, no.

*Id.* at PageID.656.

## B. Procedural Background

Plaintiff filed his original Complaint in the 36th District Court in Detroit,
Michigan on December 4, 2019.  ECF No. 1, PageID.2.  He brought state law claims
for common law battery, common law infliction of emotional distress, statutory

4

conversion, and common law conversion.  ECF No. 1-1, PageID.7.  However, in the section labeled "Common Allegations of Fact," Plaintiff thrice referred to being denied his constitutional right to public accommodation, *id.* at PageID.10, PageID.14.

On February 18, 2020, Defendant removed the case based on federal question jurisdiction.  ECF No. 1.  Defendant took Plaintiff's citation to "42 U.S.C. 1218 (7)," which does not exist, to refer to 42 U.S.C. § 12182, which prohibits discrimination by public accommodations.  ECF No. 1, PageID.2.

### 1.  Motions to Amend Complaint

Plaintiff moved to amend his Complaint on July 21, 2020.  ECF No. 5.  He dropped his state law claims and attempted to add claims under 42 U.S.C. §§ 1981, 1985 and the Fourteenth Amendment.  *Id*.  This Court denied Plaintiff's Motion. ECF No. 10.  Specifically, the Court found the proposed amendment was deficient and would not put Defendant "on notice of what it must defend."  *Id.* at PageID.143. Additionally, the Court found the amendment would be futile because Plaintiff's proposed complaint could not support the new causes of action.  *Id.* at PageID.143-47.

On February 4, 2021, Plaintiff moved to amend his Complaint for the second time.  ECF No. 14.  Among other things, Plaintiff attempted to add five unidentified defendants (Jane Doe Cashier, Jane Doe Virtual Video Security Guard, two John

5

Doe Floor Personnel, and John Doe Manager) and claims under 42 U.S.C. § 1218(7), which the Court interpreted as 42 U.S.C. § 12182 ("Prohibition of discrimination by public accommodations")[1], 18 U.S.C. § 373(a) ("Solicitation to commit a crime of violence"), 18 U.S.C. § 1038 ("False information and hoaxes"), 42 U.S.C. § 1981 ("Equal rights under the law"), 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights"), and the Fourteenth Amendment. *Id.* On June 21, 2021, Magistrate Judge Patti granted in part and denied in part Plaintiff's Motion. ECF No. 21, PageID.287. Specifically, Magistrate Judge Patti gave Plaintiff until July 6, 2021 to file an amended complaint that, *inter alia*, listed the unidentified Defendants in accordance with Fed. R. Civ. P. 10(a) and elaborated on his claim under 42 U.S.C. § 12182 but not the other statutes.[2] *Id.*

---

[1] During his deposition, Plaintiff agreed that citing to 42 U.S.C. § 1218(7) in his initial and Amended Complaints was an error, and he meant to cite to 42 U.S.C. § 12182 instead. ECF No. 38-2, PageID.656.

[2] While Plaintiff referenced his earlier state law claims for common law battery, common law intentional infliction of emotional distress, statutory conversion, and common law conversion in the "Jurisdiction and Venue" section of the proposed Amended Complaint, ECF No. 14, PageID.170, the remainder of the proposed Amended Complaint makes clear that he was focusing on his federal claims and effectively dropping the state law claims. *See, e.g.*, *id.* at PageID.179 ("Plaintiff Devon Terrell Abney receive[d] severe physical injury by Defendants Dolgencorp LLC et al. Store of Michigan violat[ing] Plaintiff Abney['s] clearly established U.S. Constitutional rights [under] 42 U.S.C. § 1218(7), 42 U.S.C. § 1981, 42 U.S.C. § 1985, 18 U.S.C. § 1038(b)(C)(2)(3), [and] 18 U.S.C. § 373(a) [and not to be] deprive[d] of freedom, life, [and] liberty."). Moreover, during his deposition, Plaintiff stated he was only seeking relief for the public accommodation claim in the Amended Complaint. ECF No. 38-2, PageID.656.

Plaintiff missed this deadline, but Magistrate Judge Patti extended it to July 20, 2021 in his Order Granting Defendant's Motion to Take Plaintiff's Deposition and Extending Discovery and Dispositive Motion Deadlines.   ECF No. 26, PageID.329.

Plaintiff then filed his Amended Complaint on July 20, 2021, but the Clerk's Office incorrectly docketed it as another motion to amend the complaint.  ECF No. 27.  Defendant responded to the mislabeled "motion," pointing out several ways in which Plaintiff's Amended Complaint did not comply with Magistrate Judge Patti's June 21, 2021 Opinion and asking the Court to strike the Amended Complaint.  ECF No. 30.   Plaintiff replied.   ECF No. 31.   Magistrate Judge Patti agreed with Defendant, finding Plaintiff attempted to add a new party, ECF No. 46, PageID.813, and include claims based on 18 U.S.C. § 1038 and the Fourteenth Amendment, *id.* at PageID.814-15.   Magistrate Judge Patti therefore struck Plaintiff's Amended Complaint (ECF No. 27) and stated, "[t]he Court will not consider any additional motions for leave to amend the complaint during the pendency of Defendant's October 6, 2021 motion for summary judgment (ECF No. 38)."   *Id.* at PageID.816.

## 2.  Defendant's Motion for Summary Judgment

Defendant brings the instant Motion for Summary Judgment (ECF No. 38) on various grounds.  Specifically, Defendant argues (1) Plaintiff does not have standing to bring an action under 42 U.S.C. §12182 because he is not disabled, ECF No. 38,

PageID.620-25; (2) Plaintiff has not established that he requested reasonable modifications to Defendant's policies to accommodate any alleged disability, *id.* at PageID.626-27; (3) Title III of the Americans with Disabilities Act, of which 42 U.S.C. § 12182 is a part, does not allow private plaintiffs to recover monetary damages, *id.* at PageID.628-29; and (4) Plaintiff's claims against the individual Defendants—named and unnamed—are time barred, *id.* at PageID.629.

A week later, on October 12, 2021, Plaintiff filed a "Notice to Withheld [*sic*] Defendant's Dolgencorp LLC et al. Motion for Summary Judgment" seemingly requesting the Court strike the Motion because it was incorrectly filed at ECF No. 36. *See* ECF No. 41. However, Defendant had already withdrawn the incorrectly filed Motion on October 5, 2021. ECF No. 37. Plaintiff did not timely respond to the correctly filed Motion, so this Court issued an Order to Show Cause Why Defendant's Motion for Summary Judgment Should Not Be Granted. ECF No. 45.

Plaintiff filed his Response by the deadline set in the Order to Show Cause. ECF No. 48. He asserts he did not claim to be disabled within his original Complaint or Amended Complaint. *Id.* at PageID.819. Plaintiff did not mean to bring a claim under 42 U.S.C. § 12182; this was a clerical error and he instead intends to bring a claim under the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903. *Id.* at PageID.819-20. Plaintiff also argues his claim against the individual Defendants was not time-barred because they were mentioned in the original

8

Complaint, which was filed within the statute of limitations.  *Id.* at PageID.821.

Finally, Plaintiff contends "there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for the nonmoving party," so Defendant is not

entitled to summary judgment. *Id.* at PageID.831 (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242 (1986)).

Defendant filed a timely Reply.  ECF No. 51.  It avers Plaintiff's complaint

should be dismissed because he admits he is not disabled and therefore

"demonstrate[es] that the only viable claim that this Court has permitted him to

pursue, i.e., a public accommodation claim based on 42 U.S.C. § 12182, has always

been frivolous." *Id.* at PageID.912.  Further, Defendant contends Plaintiff did not

technically respond to the Court's Order to Show Cause Why Defendant's Motion

for Summary Judgment Should Not Be Granted (ECF No. 45) because he admitted

his claim is "baseless." *Id.* at PageID.913.  Similarly, Defendant also argues Plaintiff

has admitted no genuine issue of material fact supports his public accommodation

claim, so Defendant is entitled to judgment as a matter of law.  *Id.* at PageID.913-

14.  Finally, Defendant asserts Plaintiff's attempt to amend his Complaint violates

Magistrate Judge Patti's previous Order and is futile.  *Id.* at PageID.914-15.

### 3.  Defendant's Motion to Strike Plaintiff's Witness Lists

This Court entered a scheduling order on January 15, 2021 requiring lay

witness lists to be filed by April 15, 2021.  ECF No. 13.  Plaintiff filed his first

9

witness list on May 8, 2021.  ECF No. 18.  He filed a second witness list on July 23, 2021.  ECF No. 28.  On August 23, 2021, Plaintiff filed a request to extend the witness list deadline (ECF No. 32), to which Defendant objected (ECF No. 33).  Discovery closed on September 14, 2021.  ECF No. 26.  Plaintiff then filed a supplemental witness list on October 1, 2021. ECF No. 34.

Defendant filed the instant Motion to Strike Plaintiff's Witness Lists on October 8, 2021.  ECF No. 39.  Defendant contends Plaintiff "flouts the rules" and "ignore[es] the scheduling order" by "unilaterally filing two amended witness lists." *Id.* at PageID.773.  Moreover, Defendant asserts, Plaintiff has not "address[ed] the prejudice necessarily caused by post-close of discovery revelation of witnesses." *Id.* at PageID.774.  Thus, Defendant requests the Court strike the witness lists pursuant to Federal Rule of Civil Procedure 37(c).  *Id.* at PageID.774-75.

Plaintiff seemingly responds that Magistrate Judge Patti's June 21, 2021 Opinion extended the discovery deadline, and thus the deadline for lay witness lists. ECF No. 43, PageID.796.  He also argues Defendant has interfered with attempts to amend his Complaint.  *Id.* at PageID.797.

10

### III.   LAW & ANALYSIS

**A. Motion for Summary Judgment**

    **1.  Legal Standard**

"Summary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party 'is entitled to judgment as a matter of law." *F.P. Dev., LLC v. Charter Twp. of Canton, Michigan*, 16 F.4th 198, 203 (6th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)).  "A fact is material if its resolution will affect the outcome of the lawsuit."  *Id*.  The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.

To support their arguments for or against summary judgment, parties may "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  They may also "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *see also Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[The] general rule [is] that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks omitted).

### 2. Discussion

#### i. The Operative Complaint and Defendant's Motion for Summary Judgment

As a threshold matter, the Court will clarify the current operative complaint in this case. Because Magistrate Judge Patti struck Plaintiff's Amended Complaint (ECF No. 27) for noncompliance with his June 21, 2021 Opinion, ECF No. 46, PageID.816, the operative complaint is Plaintiff's original Complaint (ECF No. 1-1). This Complaint brings state law claims for common law battery, common law infliction of emotional distress, statutory conversion, and common law conversion as well as a mislabeled claim under 42 USC § 12182. ECF No. 1-1.

For the reasons discussed in Section III.A.2.ii. *infra*, Plaintiff is unable to establish a claim under 42 USC § 12182. When the Court asked Plaintiff with which claims he would like to proceed during the hearing on Defendant's Motion for Summary Judgment, Plaintiff only discussed the Consumer Protection Act claim referenced in his Response and a general claim for unlawful conduct. He thus effectively dropped his state law claims.

12

Even if he had not effectively dropped these claims, the Court would not have

jurisdiction over them.

> Because none of [Plaintiff's] other, federal question claims survived,
> the district court lack[s] supplemental jurisdiction over any state law
> claim. 28 U.S.C. § 1367(a). And there was no diversity jurisdiction
> because, even liberally construed, the complaint cannot be read to plead
> an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

*Rajapakse v. Credit Acceptance Corp*., No. 19-1192, 2021 U.S. App. LEXIS 6591,

at *10 (6th Cir. Mar. 5, 2021), *cert. denied sub nom. Rajapakse v. Credit Acceptance*

*Corp.*, 142 S. Ct. 266 (2021). Indeed, Plaintiff's original Complaint does not allege

an amount in controversy or include a demand for relief. *See* ECF No. 1-1. Thus,

the only claim currently before the Court is that under 42 USC § 12182.

Generally, once a complaint is amended, all dispositive motions pertaining to

that complaint are moot. *Williamson v. Freytag*, No. 2:18-CV-141, 2020 U.S. Dist.

LEXIS 72372, at *2 (W.D. Mich. Apr. 24, 2020) (citing *Parks v. Federal Exp. Corp.*,

1 F. App'x 273, 277 (6th Cir. 2001)). However, "[i]f some of the defects raised in

the original motion remain in the new pleading, the court simply may consider the

motion as being addressed to the amended pleading." *Id*. Courts will do this "when

the amended complaint is substantially identical to the original complaint." *Id.*

(collecting cases).

While the instant case poses the opposite situation—the Amended Complaint

was struck and the original Complaint became operative again—the same logic

applies.  As they relate to Plaintiff's claim under 42 USC § 12182, the original and
Amended Complaints are "substantially identical," and the defects Defendant has
raised applies equally to both.  Accordingly, the Court will consider Defendant's
Motion for Summary Judgment (ECF No. 38) as being addressed to the original
pleading.

### ii.    Plaintiff Has Conceded His Claim Under 42 U.S.C. § 12182

While Defendant characterized its argument as Plaintiff lacking standing to
bring a claim under 42 USC § 12182, it is sufficient to say that Plaintiff is unable to
make out the essential elements of a claim under the statute.

Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181,
*et seq.* "prohibits a place of public accommodation from discriminating against
*disabled* individuals."  *Smith v. Moorman*, 47 F. App'x 755, 756 (6th Cir. 2002)
(emphasis added).  Section 12182 "states that '[n]o individual shall be discriminated
against *on the basis of disability* in the full and equal enjoyment of the goods,
services, facilities, privileges, advantages, or accommodations of any place of public
accommodation by any person who owns, leases (or leases to), or operates a place
of public accommodation.'"  *Id.* (quoting 42 U.S.C. § 12182(a)) (emphasis added).

As discussed *supra*, Plaintiff admitted he is not disabled during his deposition.
ECF No. 38-2, PageID.656.  Further, in his Response to the instant Motion for
Summary Judgment, Plaintiff stated he did not, in retrospect, intend to bring a claim

14

under 42 U.S.C. § 12182 because he does not claim, and has never claimed, to be disabled.  ECF No. 48, PageID.819-20.  At the hearing on the Motion, Plaintiff, who is proceeding *pro se*, explained he was not aware 42 U.S.C. § 12182 was limited to discrimination based on disability when he initially brought the claim.  He further explained that his various attempts to amend his Complaint are the product of trying to determine the correct claim to bring.  Because Plaintiff concedes he cannot establish an essential element of a claim under 42 U.S.C. § 12182, Defendant is entitled to summary judgment on this claim.

### iii.     Plaintiff Cannot Amend His Complaint Again

In his Response to Defendant's Motion for Summary Judgment, Plaintiff seemingly requests leave to amend his Amended Complaint again to bring a claim under the Michigan Consumer Protection Act ("MCPA"), MICH. COMP. LAWS § 445.903.  *See* ECF No. 48, PageID.819-20.  At the hearing on the Motion, Plaintiff confirmed that he would, indeed, like to amend his Complaint again to bring a claim under the MCPA.[3]  The Court must deny Plaintiff's request.

---

[3] Plaintiff also stated he would like to bring a claim for "unlawful conduct." However, as the Court explained during the hearing, there is no federal civil cause of action for "unlawful conduct," so the Court cannot allow Plaintiff to proceed on that basis.

15

First, as discussed *supra*, Magistrate Judge Patti specifically prohibited Plaintiff from further amending his Complaint while Defendant's Motion for Summary Judgment was pending.  The November 4, 2021 Order stated:

> Plaintiff has had multiple opportunities to properly plead his complaint, including an extension of the time for doing so. The Court will not consider any additional motions for leave to amend the complaint during the pendency of Defendant's October 6, 2021 motion for summary judgment (ECF No. 38), as to which Plaintiff's show cause response is due by November 18, 2021 (ECF No. 45).

ECF No. 46, PageID.816.  Plaintiff did not object to the Order within fourteen days as he is permitted to under Fed. R. Civ. P. 72(a) although this information was included in the Order itself.

Second, amendment would be futile.  The MCPA prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce."  MICH. COMP. LAWS § 445.903.  Defendant argues Plaintiff's claim is improperly pleaded because he "fails to state which of the provisions under the statute Defendant allegedly violated" and thereby violates Federal Rule of Civil Procedure 8(a)(2).  ECF No. 51, PageID.916 (citing *Innovation Ventures, LLC v. N.V.E., Inc.*, 747 F. Supp. 2d 853, 867 (E.D. Mich. 2010), *aff'd in part, rev'd in part and remanded*, 694 F.3d 723 (6th Cir. 2012)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

16

8(a)(2).  The Court agrees that neither Plaintiff's Response nor his arguments during the hearing satisfy this requirement because they do not "indicate which of the MCPA's 37 provisions [his] claim is asserted under." *Innovation Ventures*, 747 F. Supp. 2d at 867.

Defendant further argues Plaintiff cannot establish a claim under MCPA because he cannot point to any alleged fraud by Defendant or its employees.  ECF No. 51, PageID.917.  Defendant's argument highlights how necessary it is for a plaintiff to specify under which subsection of the MCPA he wishes to bring a claim. In *Brownlow v. McCall Enterprises, Inc.*, 315 Mich. App. 103 (2016), the Michigan Court of Appeals held courts "may refer to the common-law tort of fraud for guidance when interpreting ambiguous provisions of the MCPA, but only if necessary, i.e., when the act contains a technical term that has acquired a peculiar meaning under the law."  *Id.* at PageID.124-25.

Plaintiff has not alleged a particular subsection of the statute was violated. Thus, the Court cannot determine whether it needs to refer to common-law fraud to decide whether Plaintiff has adequately pleaded his proposed claim. Indeed, the Court is also unable to ascertain whether he has pleaded facts sufficient to support his claim.   "Although the pleadings of *pro se* litigants should be liberally construed and held to less stringent standards than formal pleadings drafted by attorneys, even *pro se* plaintiffs are required to adhere to basic pleading requirements."  *Bruce v.*

*Great Britain*, No. 18-6149, 2020 U.S. App. LEXIS 8805, at *5 (6th Cir. Mar. 19, 2020), *cert. denied,* 141 S. Ct. 333 (2020) (internal citations omitted).  Accordingly, the Court holds allowing Plaintiff to amend his Complaint to allege an unspecified claim under the MCPA would be futile.[4]

### B. Motion to Strike

Because the Court has held Defendant is entitled to summary judgment, Defendant's Motion to Strike Plaintiff's Witness Lists (ECF No. 39) is Denied as Moot.

### IV.   CONCLUSION

The Court acknowledges Mr. Abney had a very frustrating experience at the Dollar Store and hopes any future experiences with Defendant's stores go more

---

[4] The Court also notes Defendant would be prejudiced if amendment was permitted after the discovery deadline had already passed.  The United States Court of Appeals for the Sixth Circuit Court has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice."  *Gormley v. Precision Extrusions, Inc.*, 174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 835 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)); *see also Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

smoothly.  However, the Court is unable to grant him legal relief.  Accordingly, for the reasons articulated above, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 38) and **DENIES AS MOOT** Defendant's Motion to Strike Plaintiff's Witness Lists (ECF No. 39).

**IT IS SO ORDERED**.

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 24, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

19