UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<span>EVON</span> T<span>ERRELL</span> A<span>BNEY</span>,

    Plaintiff,

v.

D<span>OLGENCORP</span>, LLC,

    Defendant.
_____/

Case No. 20-cv-10415

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF NO. 53)**

### I.  INTRODUCTION

Plaintiff Devon Terrell Abney, who is proceeding *pro se*, initiated this cause of action against Defendant Dolgencorp, LLC—initially misidentified as "Dollar General Stores of Michigan." *See* ECF Nos. 1, 1-1.  This matter stems from a visit to a dollar store in which Plaintiff got into a verbal altercation with the cashier that turned into a minor physical altercation with another employee before Plaintiff was ultimately denied service.  *See id*.  As will be discussed in greater detail *infra*, Plaintiff has had difficulty over the course of this litigation determining which, if any, causes of action apply to his experience.  After giving Plaintiff several attempts

1

to amend his complaint, the Court granted Defendant's Motion for Summary Judgment. *See* ECF No. 52.

Presently before the Court is Plaintiff's Motion to Reconsider the Court's January 24, 2022 Opinion and Order Granting Defendant's Motion for Summary Judgment and Denying as Moot Defendant's Motion to Strike Plaintiff's Witness List (ECF No. 52). *See* ECF No. 53. The Motion is fully briefed, and upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant Motion on the briefs. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, Plaintiff's Motion to Reconsider (ECF No. 53) is **DENIED**.

## II. BACKGROUND

### A. Procedural Background

The Court detailed much of the relevant procedural background in its January 24, 2022 Opinion and Order.

> Plaintiff filed his original Complaint in the 36th District Court in Detroit, Michigan on December 4, 2019. ECF No. 1, PageID.2. He brought state law claims for common law battery, common law infliction of emotional distress, statutory conversion, and common law conversion. ECF No. 1-1, PageID.7. However, in the section labeled "Common Allegations of Fact," Plaintiff thrice referred to being denied his constitutional right to public accommodation, *id.* at PageID.10, PageID.14. On February 18, 2020, Defendant removed the case based on federal question jurisdiction. ECF No. 1. Defendant took Plaintiff's citation to "42 U.S.C. 1218 (7)," which does not exist, to refer to 42

U.S.C. § 12182, which prohibits discrimination by public accommodations. ECF No. 1, PageID.2.

1. Motions to Amend Complaint

Plaintiff moved to amend his Complaint on July 21, 2020. ECF No. 5. He dropped his state law claims and attempted to add claims under 42 U.S.C. §§ 1981, 1985 and the Fourteenth Amendment. *Id.* This Court denied Plaintiff's Motion. ECF No. 10. Specifically, the Court found the proposed amendment was deficient and would not put Defendant "on notice of what it must defend." *Id.* at PageID.143. Additionally, the Court found the amendment would be futile because Plaintiff's proposed complaint could not support the new causes of action. *Id.* at PageID.143- 47.

On February 4, 2021, Plaintiff moved to amend his Complaint for the second time. ECF No. 14. Among other things, Plaintiff attempted to add five unidentified defendants (Jane Doe Cashier, Jane Doe Virtual Video Security Guard, two John Doe Floor Personnel, and John Doe Manager) and claims under 42 U.S.C. § 1218(7), which the Court interpreted as 42 U.S.C. § 12182 ("Prohibition of discrimination by public accommodations")[1] , 18 U.S.C. § 373(a) ("Solicitation to commit a crime of violence"), 18 U.S.C. § 1038 ("False information and hoaxes"), 42 U.S.C. § 1981 ("Equal rights under the law"), 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights"), and the Fourteenth Amendment. *Id.* On June 21, 2021, Magistrate Judge Patti granted in part and denied in part Plaintiff's Motion. ECF No. 21, PageID.287. Specifically, Magistrate Judge Patti gave Plaintiff until July 6, 2021 to file an amended complaint that, *inter alia*, listed the unidentified Defendants in accordance with Fed. R. Civ. P. 10(a) and

---

[1] During his deposition, Plaintiff agreed that citing to 42 U.S.C. § 1218(7) in his initial and Amended Complaints was an error, and he meant to cite to 42 U.S.C. § 12182 instead. ECF No. 38-2, PageID.656.

3

elaborated on his claim under 42 U.S.C. § 12182 but not the other statutes.[2] *Id*.

Plaintiff missed this deadline, but Magistrate Judge Patti extended it to July 20, 2021 in his Order Granting Defendant's Motion to Take Plaintiff's Deposition and Extending Discovery and Dispositive Motion Deadlines. ECF No. 26, PageID.329.

Plaintiff then filed his Amended Complaint on July 20, 2021, but the Clerk's Office incorrectly docketed it as another motion to amend the complaint. ECF No. 27. Defendant responded to the mislabeled "motion," pointing out several ways in which Plaintiff's Amended Complaint did not comply with Magistrate Judge Patti's June 21, 2021 Opinion and asking the Court to strike the Amended Complaint. ECF No. 30. Plaintiff replied. ECF No. 31. Magistrate Judge Patti agreed with Defendant, finding Plaintiff attempted to add a new party, ECF No. 46, PageID.813, and include claims based on 18 U.S.C. § 1038 and the Fourteenth Amendment, *id.* at PageID.814-15. Magistrate Judge Patti therefore struck Plaintiff's Amended Complaint (ECF No. 27) and stated, "[t]he Court will not consider any additional motions for leave to amend the complaint during the pendency of Defendant's October 6, 2021 motion for summary judgment (ECF No. 38)." *Id.* at PageID.816.

---

[2] While Plaintiff referenced his earlier state law claims for common law battery, common law intentional infliction of emotional distress, statutory conversion, and common law conversion in the "Jurisdiction and Venue" section of the proposed Amended Complaint, ECF No. 14, PageID.170, the remainder of the proposed Amended Complaint makes clear that he was focusing on his federal claims and effectively dropping the state law claims. *See, e.g.*, *id.* at PageID.179 ("Plaintiff Devon Terrell Abney receive[d] severe physical injury by Defendants Dolgencorp LLC et al. Store of Michigan violat[ing] Plaintiff Abney['s] clearly established U.S. Constitutional rights [under] 42 U.S.C. § 1218(7), 42 U.S.C. § 1981, 42 U.S.C. § 1985, 18 U.S.C. § 1038(b)(C)(2)(3), [and] 18 U.S.C. § 373(a) [and not to be] deprive[d] of freedom, life, [and] liberty."). Moreover, during his deposition, Plaintiff stated he was only seeking relief for the public accommodation claim in the Amended Complaint. ECF No. 38-2, PageID.656.

4

ECF No. 52, PageID.922-25.

As stated *supra*, the Court granted Defendant's Motion for Summary Judgment. Specifically, the Court concluded (1) that Plaintiff cannot establish an essential element of a claim under 42 U.S.C. § 12182 because he admits that he is not disabled and (2) that amending his complaint to bring a claim under the Michigan Consumer Protection Act would be futile. *Id.* at PageID.932-36. The Court also found that Plaintiff had dropped his state law claims because he did not mention them when the Court asked him with which claims he would like to proceed during the hearing on the Motion for Summary Judgment. *Id.* at PageID.930.

**B. The Instant Motion**

Plaintiff filed the instant "Motion to Reconsider." ECF No. 53. Although labeled as such, Plaintiff relies on Federal Rule of Civil Procedure 60(b), which governs motions for relief from judgment, as opposed to E.D. Mich. L.R. 7.1.[3] *Id.* at PageID.940. In particular, Plaintiff seeks relief on the basis of mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered

---

[3] Plaintiff also references Rule 16(a)(4) and (5), ECF No. 53, PageID.940, which permits a court to order attorneys and unrepresented parties to appear for a pretrial conference for such purposes as "improving the quality of the trial through more thorough preparation" and "facilitating settlement." Fed. R. Civ. P. 16(a). Judgment has already been entered against Plaintiff, so this Rule is not applicable to his situation. Nor does it provide a cause of action for litigants.

5

evidence (Rule 60(b)(2)); and any other reason that justifies relief (Rule 60(b)(6)). *Id.* (citing Fed. R. Civ. P. 60).

Regardless of its title, through his filing, Plaintiff seeks to amend his complaint, yet again. Specifically, he seeks to include the individual defendants he sought to add earlier and to add claims under the following statutes: Act 154 of 1974 (Michigan's Occupational Safety and Health Act, hereinafter "MIOSHA"), MCL 37.1201(b) (Michigan's Persons with Disabilities Civil Rights Act, hereinafter "PWDCRA"), and MCL 600.2956 (Michigan's joint and several liability statute).[4] *Id.* at PageID.944, PageID.952. Additionally, Plaintiff seeks to add claims for "intentional infliction of physical and[] emotional abuse, intentional infliction of unlawful conduct, intentional infliction of merchant negligence, [and] false statement to law enforcement agent." ECF No. 53, PageID.945. Plaintiff asserts that he was unable to obtain legal assistance due to the COVID-19 Pandemic but is now certain that he has identified the correct causes of action. *Id.* at PageID.947-48.

Plaintiff raises several additional arguments. First, he implies that this matter was improperly removed to federal court because he did not mean to bring a claim

---

[4] Plaintiff now claims that in his deposition, he stated that he meant to refer to MCL 600.2956 instead of 42 U.S.C. 1218(7) in his original complaint. ECF No. 53, PageID.945.

6

pursuant to 42 U.S.C. § 12182, which served as the basis for removal.[5] *Id.* at PageID.941-42. Next, Plaintiff seems to contend that it was improper for the Court to find that he had forfeited the state law claims from his original complaint. *Id.* at PageID.945. Plaintiff also claims summary judgment was not proper because he can point to "materials in the record including depositions" that establish that there is a genuine dispute of material fact. *Id.* at PageID.950. Finally, Plaintiff seems to argue that he can establish a claim for fraud under the Michigan Consumer Protection Act, but he does not specify the subsection under which he would like to bring a claim. *Id.* at PageID.952-53.

Defendant opposes Plaintiff's Motion. ECF No. 54. Defendant argues that Plaintiff's Motion violates Magistrate Judge Patti's November 4, 2021 Order prohibiting Plaintiff from filing any additional motions to amend his complaint during the pendency of Defendant's Motion for Summary Judgment. *Id.* at PageID.963-64. In the alternative, Defendant contends that Plaintiff has failed to establish that he is entitled to relief under Rule 60(b). *Id.* at PageID.964. Specifically, Defendant characterizes Plaintiff's Motion as "merely a disguised attempt at another bite at the apple" and thus "is properly denied." *Id.* at PageID.965.

---

[5] While Plaintiff now argues that he never intended to assert a claim under 42 U.S.C. § 12182, he confirmed that he wanted to bring such a claim at various points during the litigation, including during his deposition. ECF No. 38-2, PageID.656. Accordingly, the Court concludes that removal on that basis was proper.

7

Defendant also asserts that amendment would be futile. First, Plaintiff cannot establish a claim under the PWDCRA because he is not disabled. *Id.* at PageID.968. Second, MIOSHA concerns the relationship between employers and employees and does not create duties in favor of third parties. *Id.* at PageID.968-69. Third, Michigan's join and several liability statute does not provide a cause of action. *Id.* at PageID.969. Finally, Defendant maintains that even if Plaintiff's claims were viable, the Court would lack supplemental jurisdiction over them. *Id.*

In reply, Plaintiff states that he did not intend to bring a claim under MCL 37.1101 (the Court presumes he meant MCL 37.1201). ECF No. 55, PageID.980. Instead, Plaintiff seeks to amend his complaint to bring claims for "intentional infliction of physical and/or emotional abuse, intentional infliction of unlawful conduct, intentional infliction of merchant negligence, [and] false statement to law enforcement agent vested in MCL 600.2956." *Id.* at 981

### III. LAW & ANALYSIS

#### A. Legal Standard

*See Currington v. Rewerts*, No. 2:21-CV-10414, 2022 WL 597458, at *1 (E.D. Mich. Feb. 28, 2022) ("Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b)."). Specifically, Plaintiff relies on Rule 60(b)(1), (2), and (6).

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
. . .
(6) any other reason that justifies relief.

To obtain relief under Rule 60(b)(1), the movant must demonstrate clear and convincing evidence of a mistake. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Rule 60(b)(1) provides relief in two instances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). The Sixth Circuit has established that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Similarly, to obtain relief under Rule 60(b)(2), "[a] movant needs to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, i.e., would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citing

9

*JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014)). Finally, Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (internal quotation marks omitted). Thus, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original) (internal quotation marks omitted). "There are few cases elaborating on the 'something more' that is required. This may be explained[] . . . by the fact that clauses 1–5 of the Rule cover almost every conceivable ground for relief." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

B. Discussion

As a threshold matter, "a motion for reconsideration under Rule 60(b) is not the proper vehicle for asserting new claims." *Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1110 (6th Cir. 2012). Accordingly, Plaintiff's request to amend his complaint, yet again, is procedurally improper and must be denied. For the sake of thoroughness, the Court also notes that amendment would be futile. Plaintiff is not attempting to bring any federal claims, so the Court cannot exercise supplemental jurisdiction over his state law claims; nor has he alleged diversity jurisdiction.

10

*Rajapakse v. Credit Acceptance Corp.*, No. 19-1192, 2021 WL 3059755, at *4 (6th Cir. Mar. 5, 2021), *cert. denied,* 142 S. Ct. 266 (2021).

Moreover, the claims Plaintiff seeks to bring under the specific Michigan statutes are not viable. First, Plaintiff cannot establish a claim under the PWDCRA because he has already admitted that he is not, and has never claimed to be, disabled. *Penden v. City of Detroit*, 470 Mich. 195, 204; 680 N.W.2d 857 (2004) ("To prove a discrimination claim under the [PWDCRA], the plaintiff must show (1) that he is [disabled] as defined in the act, . . . ." (first and second alterations in original)). Second, "MIOSHA and the regulations enacted under MIOSHA apply only to the relationship between employers and employees and therefore do not create duties that run in favor of third parties." *Kennedy v. Great Atlantic & Pacific Tea Co.*, 274 Mich. App. 710, 721; 737 N.W.2d 179 (2007). Therefore, neither MIOSHA nor the administrative regulations enacted under it "impose duties in favor of third parties in the negligence context." *Id*. Finally, Michigan's joint and several liability statute provides:

> Except as provided in section 6304, in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each defendant for damages is several only and is not joint. However, this section does not abolish an employer's vicarious liability for an act or omission of the employer's employee.

11

MICH. COMP. LAWS § 600.2956. On its face, this statute does not provide a private right of action, and the Court can find no support for Plaintiff's assertion that it does. Thus, Plaintiff's request to amend his complaint will be denied.

To the extent Plaintiff seeks to reopen the case because he contends that the Court erred by finding that he had forfeited the state law claims in his original complaint and by granting summary judgment, Plaintiff must be denied. Plaintiff has provided no factual or legal support for either argument, and his conclusory allegations are insufficient for Rule 60(b) relief. *Hudson v. Hood*, No. 2:17-CV-10608, 2021 WL 3478223, at *2 (E.D. Mich. June 9, 2021), *appeal dismissed,* No. 21-2804, 2021 WL 5365595 (6th Cir. Oct. 8, 2021) ("A district court is justified in denying Rule 60(b) relief when the motion is only supported by vague, conclusory allegations." (citation omitted)).

### IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2022

12

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 29, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

13